# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND MENDEZ,<br><br>            Plaintiff,<br><br>    v.<br><br>JEFFREY BEARD, et al.,<br><br>            Defendants. | Case No. 1:13-cv-01446-MJS (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**(ECF No. 3)** |

Plaintiff Raymond Mendez is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed on September 10, 2013 pursuant to 42 U.S.C. § 1983.

Pending before the Court is Plaintiff's motion seeking appointment of counsel on grounds he lacks legal knowledge; he is incarcerated, pro se, indigent and has been unable to retain counsel; he has limited access to the law library; and his case is complex and will likely involve conflicting testimony. (ECF No. 3.)

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), partially overruled on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). In certain exceptional circumstances

1

1  the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).
2  Rand, 113 F.3d at 1525. However, without a reasonable method of securing and
3  compensating counsel, the Court will seek volunteer counsel only in the most serious and
4  exceptional cases. In determining whether "exceptional circumstances exist, the district
5  court must evaluate both the likelihood of success of the merits [and] the ability of the
6  [plaintiff] to articulate his or her claims pro se in light of the complexity of the legal issues
7  involved." Id. Neither of these factors is dispositive and both must be viewed together
8  before reaching a decision on request of counsel under section 1915(d). Wilborn v.
9  Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Palmer v. Valdez, 560 F.3d 965, 970 (9th
10 Cir. 2009).

11  The burden of demonstrating exceptional circumstances is on the Plaintiff. See
12 Palmer, 560 F.3d at 970 (plaintiff "has not made the requisite showing of exceptional
13 circumstances for the appointment of counsel"); accord, Alvarez v. Jacquez, 415 F. App'x
14 830, 831 (9th Cir. 2011) (plaintiff "failed to show exceptional circumstances"); Simmons v.
15 Hambly, 14 F. App'x 918, 919 (9th Cir. 2001) (same); Davis v. Yarborough, 459 F. App'x
16 601, 602 (9th Cir. 2011) (plaintiff "did not show the 'exceptional circumstances' required to
17 appoint counsel under 28 U.S.C. § 1915(e)(1).").

18  In the present case, the Court does not find the required exceptional circumstances.
19 The Court cannot make a determination at this stage of the litigation that Plaintiff is likely to
20 succeed on the merits. The claims alleged do not appear to be novel or unduly complex.
21 The facts alleged to date appear straightforward and unlikely to involve any extensive
22 investigation and discovery.

23  Even if it is assumed that Plaintiff is not well versed in the law and that he has made
24 serious allegations which, if proved, would entitle him to relief, his case is not exceptional.
25 This Court is faced with similar cases almost daily.

26  The papers filed by Plaintiff in this case reflect an appreciation of the legal issues
27 and standards and an ability to express same adequately in writing. The Court does not
28 find that at present, he cannot adequately articulate his claims pro se.

Finally, it is not clear Plaintiff has exhausted diligent efforts to secure counsel.[1]

For the foregoing reasons, Plaintiff's motion for appointment of counsel (ECF No. 3) is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   September 16, 2013        /s/ *Michael J. Seng*
                                                 UNITED STATES MAGISTRATE JUDGE

---

[1] See e.g., Thornton v. Schwarzenegger, 2011 WL 90320, *3–4 (S.D.Cal. 2011) (cases cited).