# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND MENDEZ,<br><br>            Plaintiff,<br><br>       v.<br><br>JEFFREY BEARD, et al.,<br><br>            Defendants. | Case No. 1:13-cv-01446-LJO-SAB<br><br>ORDER DISMISSING CERTAIN CLAIMS AND DEFENDANTS, GRANTING PLAINTIFF'S REQUEST FOR THE CLERK TO ISSUE SUMMONSES FOR THE FIRST AMENDED COMPLAINT; AND DENYING DEFENDANT CATE'S MOTION TO DISMISS<br><br>(ECF No. 16, 17, 18)<br><br>TWENTY-DAY DEADLINE<br><br>ORDER DIRECTING CLERK OF THE COURT TO ISSUE SUMMONSES AND REGULAR CIVIL INITIAL CASE DOCUMENTS IN THIS ACTION |

## I.

## PROCEDURAL HISTORY

Plaintiff Raymond Mendez, a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. ¶ 1983, filed a complaint on September 10, 2013. (ECF No. 1.) On February 23, 2015, Plaintiff's complaint was screened and found to state a claim against Dr. Steven Smith for retaliation in violation of the First Amendment. (ECF No. 10.) Plaintiff was ordered to either file an amended complaint or notify the Court that he was willing to proceed on claims found to be cognizable in the screening order. (ECF No. 10.) On

1 June 18, 2015, Plaintiff filed a substitution of attorney and he is now represented by counsel in
2 this action. (ECF Nos. 14, 15.)
3 On June 22, 2015, Plaintiff filed a first amended complaint. (ECF No. 16.) On July 20,
4 2015, Plaintiff filed a request for the Court to issue summonses on the first amended complaint.
5 (ECF No. 17.) On July 28, 2015, Defendant Cate filed a motion to dismiss for failure to properly
6 serve the complaint. (ECF No. 18.) On August 3, 2015, an order issued reassigning the
7 magistrate judge in this action. (ECF No. 19.)

## II.

## REQUEST TO ISSUE SUMMONSES

10 Plaintiff brings his first amended complaint against Defendants Edmund G. Brown, Jr.;
11 Matthew Cate; and Martin Biter alleging deliberate indifference in violation of the Eighth
12 Amendment, racial discrimination in violation of the Fourteenth Amendment, and negligence
13 under California law due to housing him at Kern Valley State Fever where he contracted Valley
14 Fever.

15 Plaintiff was informed in the February 23, 2015 screening order that his amended
16 complaint would supersede the prior complaint and must be complete in itself without reference
17 to the prior complaint. (ECF No. 10 at 30.) In his request to issue summonses for the first
18 amended complaint, Plaintiff states that he has removed a number of defendants that were
19 included in the initial complaint from the action and added different defendants. (ECF No. 17 at
20 ¶ 4.) Since Plaintiff is now represented by counsel who prepared the first amended complaint,
21 the Court finds that Plaintiff has voluntarily dismissed all causes of action alleged in the original
22 complaint which were not alleged in the amended complaint, including the cognizable retaliation
23 claim. Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012). According, those claims
24 against defendants raised in the original complaint which were not realleged in the first amended
25 complaint are dismissed from this action without leave to amend.

26 Plaintiff is requesting that the Court issue summonses on the first amended complaint. It
27 is the practice of this Court to issue summonses without screening complaints when the prisoner
28 is represented by counsel. The Court shall direct the Office of the Clerk to issue summonses for

the first amended complaint.

## III.

## MOTION TO DISMISS

Defendant Cate has filed a motion to dismiss the first amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(4) and (5) due to insufficient service of process. In his motion, Defendant Cate notes that Plaintiff has filed a request for the Court to issue summonses which has not yet been addressed. Since the Court is directing the Clerk's Office to issue summonses in this action, Defendant Cate's motion to dismiss for insufficient service of process shall be denied as moot. Plaintiff shall be ordered to properly serve the summons and complaint in this action.

## IV.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's Eighth Amendment deliberate indifference to medical care, § 1983 failure-to-train, First Amendment retaliation, and state tort claims against healthcare providers at Kern Valley State Prison and Sierra Conservation Center are dismissed from this action without leave to amend;

2. Defendants Dr. Steven Smith, Karen D. Callender, D. Gellman, E. Garrovillo, O'Leary, and T. Day are dismissed from this action;

3. Plaintiff's request for the Court to issue summonses on the first amended complaint is granted;

4. Defendant Cate's motion to dismiss for failure to properly serve the complaint is denied as moot;

5. The Officer of the Clerk is directed to issue summonses on the first amended complaint and to issue regular civil initial case documents in this action;

6. Within twenty days from the date of service of this order, Plaintiff shall properly serve the first amended complaint; and

7. Failure to serve the first amended complaint in compliance with this order will result in dismissal of this action for failure to prosecute and failure to obey a court order.

**IT IS SO ORDERED**
**Dated: August 4, 2015**

*/s/ Lawrence J. O'Neill*
**United States District Judge**